IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BIANCA SHUNTE WILLIAMS | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:15CV00296-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Bianca Shunte Williams, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.   BACKGROUND**

On March 7, 2012, Plaintiff protectively filed for benefits due to trichotillomania, diabetes, anxiety, depression, mood disorder, traumatic stress disorder, obesity, acanthosis migraines, borderline personality disorder, major depressive disorder, mood disorder, and anxiety disorder. (Tr. 138) Her claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on October 22, 2013, where Plaintiff appeared with her lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 27-46)

The ALJ issued a decision on March 7, 2014, finding Plaintiff was not disabled under the Act. (Tr. 11-20) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

1

Plaintiff, who was twenty-two years old at the time of the hearing, has a GED and no past relevant work experience. (Tr. 18, 32)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Plaintiff had not engaged in substantial gainful activity since March 7, 2012, and she has the following severe impairments: trichotillomania, major depressive disorder, mood disorder, and anxiety disorder. (Tr. 13) However, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do a full range of work at all exertional levels, but can only have occasional changes in the workplace setting, no contact with the general public, and interpersonal contact must be incidental to the work performed. The work is limited to one- to two-step tasks that can be learned by rote, with few variables and little judgment. The supervision required is simple direct and concrete and the work must be limited to specific vocational preparation 1-2 jobs capable of being learned in thirty days. Additionally, the work cannot require the operation of a motor vehicle, since Plaintiff does not have a driver's license. (Tr. 15) The VE testified that the jobs available with these limitations were kitchen helper, small products assembler, and ceramic tile inspector. (Tr. 42) Accordingly, the ALJ determined Plaintiff could perform a significant number of other jobs existing in the national economy, and found she was

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

not disabled.

III.    ANALYSIS

    A.    **Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    B.    **Plaintiff's Arguments for Reversal**

Plaintiff asserts the Commissioner's decision should be reversed because the ALJ erroneously determined Plaintiff did not meet listing 12.04.  Plaintiff contends she meets this listing, because she has marked limitations in social functioning and mild limitation in concentration, persistence, or pace. (Doc. No. 9)

Despite Plaintiff's argument to the contrary, nothing in the records indicates Plaintiff has marked limitations, which is required for listing 12.04. In a March 2009 mental evaluation, the doctor noted Plaintiff's "[t]hought processes were logical, relevant and goal directed." (Tr. 283)  The examiner concluded that "mental impairments [do not] interfere significantly with [her] day to day adaptive functioning." (Tr. 285)  The doctor also noted that she communicated "intelligibly and effectively." (Tr. 285)  In October 2009, a doctor determined Plaintiff had only mild restrictions in

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

activities of daily living and mild restrictions in maintaining concentration, persistence, or pace. (Tr. 356)  In fact, Plaintiff claimed she follows written and spoken instructions well and gets along with authority figures.  (Tr. 158-159)  She also socializes with her mother and sister daily, and goes to church weekly.  (Tr. 157, 176)  In 2011 and 2012, reviewing doctors determined Plaintiff had no marked limitations in her understanding, concentration, adaptation, and social interaction.  (Tr. 391, 403, 441, 453)

Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling."[6]  A report from 2006 indicated Plaintiff's conditions were "being managed through diet, exercise, and medication intervention." (Tr. 216)  When engaged in therapy Plaintiff made "tremendous progress on her identified treatment goals." (Tr. 216)  In 2012, she advised a doctor the medications seemed to work. (Tr. 413)  The notes also reflect Plaintiff "improved her response time to situations when taking psychiatric medication." (Tr. 304)  However, Plaintiff stopped taking the medication because she got mad at her doctor. (Tr. 461).

Plaintiff said she neither goes to therapy nor takes medication because she cannot afford it. (Tr. 156, 412)  However, the record reflects she freely spends money on other nonessential items and smokes one-half pack of cigarettes a day.[7]  (Tr. 156, 412)

While there may be some evidence Plaintiff has limitations related to her mental impairments, the ALJ's finding that she could perform a full range of work, with some non-exertional limitations,

---

[6]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002)

[7]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

4

is supported by the record.[8]

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 19th day of February, 2016.

/s/ Joe J. Volpe
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").